Oakley J.
This is an action of debt on a judgment, obtained in the Supreme Court of August Term, 1817. The defendant, Stanton, pleads, 1st. Nul tiel record; 2d. A discharge under the insolvent act, dated the 27th of April, 1818. On the last plea there is a general demurrer.
It is clear that these pleas are improperly joined ; but that objection cannot be taken on this demurrer. The plaintiffs should have demurred to both pleas for that cause, or they might havé called upon the defendants to strike one of them from the record. The only inquiry here is, as to the sufficiency of the second plea.
The discharge in question is alleged to be by virtue of the act, entitled “ an act to amend an act, entitled an act, for giving relief in cases of insolvency,” passed February 28, 1817, (p. 40, ch. 55,) and the objection to the plea is, that it does not set forth the facts necessary to give the officer, granting the discharge, jurisdiction.
The rule of law, on this subject, is that the plea must show affirmatively, that the officer granting a discharge under the insol *193 vent act, had jurisdiction in the case. Every fact necessary to give such jurisdiction must be averred, and the want of any necessary averment, cannot be supplied by the recitals in the discharge itself. [Wyman v. Mitchell, 1 Cowen’s R. 318. Morgan v. Dyer, 10 J. R. 161.]
The act in question provides, that when any person has been actually imprisoned for sixty days, upon execution in any civil “ suit,” any creditor of such person may apply for relief, &c.; and “ upon such application, and an affidavit being made by such creditor, that such person is justly indebted to such creditor in a sum of money then due, to be specified in such affidavit, and not less than twenty-five dollars, and that such person has been imprisoned, &c., the officer to whom such application is made, shall order,” &c.
The plea in question avers, 1st. That the defendant was an inhabitant of the City of New-York, and had been actually imprisoned in said city, “ upon execution issued against him in a civil “ action.” 2d. That application was made to the Recorder in said city, “ by one of the creditors of the said Daniel Stanton,” praying relief, &c. 3d. That upon such application, said creditor made affidavit, that said insolvent was indebted to him, “ in a “ certain sum of money, then due and specified in said affidavit, “ and not less than twenty-five dollars, and that he was then in “ prison, &c., and had been so for sixty days and upwards. The plea then avers, that such proceedings were had m the case, that the said Recorder afterwards granted the discharge, which is set forth in hcec verba.
It is objected, that the plea does not set forth, the name of the creditor applying for relief, &c., nor the particular execution, on which the debtor was imprisoned, nor yet the court out of which it issued. If these averments are necessary, they are, of course, traversable, and should be pleaded with such particularity as to enable the plaintiffs to take issue on them. If a party plead a judgment, he must show the certainty of it, and set forth the parties, and the court in which it was obtained. (Com. Dig. Pleader, 2 W. 12.) And the same rule applies to the case of pleading a writ. (Gray v. Hart, 2 Salk. 517. Patton v. Foote, 1 *194 Wend. R. 209.) The plea in the present case, ought to set forth the action, in which the debtor was imprisoned, and the court out of which the execution issued, and also the name of the creditor, upon whose application the proceeding was instituted. The plea is clearly bad, but the doubt has been, whether the defect could be taken advantage of on a general demurrer. Upon considering the cases, and particularly that of Gray v. Hart, (as reported in 2 Lut. 1458,) I am of opinion, that the defect in the averments in the plea, is matter of substance. In the case of Gray v. Hart, the action was for an assault. The defendant justified on the ground that he had arrested the plaintiff by virtue of a certain writ, without setting forth the court out of which it issued. The plaintiff replied, and there was a special demurrer to the replication. The court, in giving judgment, considered the plea as bad, because it did not show out of what court the writ issued ; and it is well settled, that no defect in any plea, preceding that to which the demurrer is taken, can be noticed, except it be such as would be bad on general demurrer. The averment, therefore, in that case, must have been considered substantially defective, and the principle of it, is certainly applicable to the case now before us.

Judgment for the plaintiffs.

[E. Curtis, Atty. for the plffs. D. D. Field, Atty. for the defts.]